IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EMMA SPINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-06370-DCN |
| vs. ) | |
| ) | **ORDER** |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

The following matter is before the court on defendant The United States of America's (the "United States") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 9. For the reasons set forth below, the court grants the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## I.  BACKGROUND

This case arises out of a motor vehicle collision. ECF No. 1, Compl. Plaintiff Emma Spink ("Emma Spink") is the wife of Luke Spink. See id. On August 23, 2022, Luke Spink was operating a moped on Interstate 526 in Charleston, South Carolina. Id. ¶ 4. Rayonna Lynn Lee Gutierrez ("Gutierrez") struck Luke Spink from behind with her vehicle. Id. ¶ 5. Gutierrez was an active duty, enlisted sailor in the United States Navy ("Navy"). Id. ¶¶ 5–6. At the time of the collision, Gutierrez was commuting from her off-base, privately owned residence to her duty station at Joint Base Charleston. Id. ¶¶ 10, 12.

Emma Spink filed her complaint against the United States, acting through the Navy, on November 8, 2024. ECF No. 1, Compl. She asserts a single claim for

1

negligence under the Federal Tort Claims Act ("FTCA"), 22 U.S.C. §§ 1346, 2671 et seq. Id. ¶¶ 42–43. The United States filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on January 14, 2025. ECF No. 9. Emma Spink responded in opposition on January 28, 2025. ECF No. 10. The United States replied on February 4, 2025. ECF No. 11. The court held a hearing on the motion on May 6, 2025. ECF No. 14. As such, the motion is now ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to challenge the court's subject matter jurisdiction in one of two ways: he may contend that the complaint fails to allege facts upon which subject matter jurisdiction can rest or that the jurisdictional allegations in the complaint are untrue. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the defendant levies a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quoting Adams, 697 F.2d at 1219). Accordingly, the court must take the facts alleged in the complaint as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id. Ultimately, the plaintiff bears the burden of establishing federal subject matter jurisdiction when challenged by a motion under Rule 12(b)(1). Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III.  DISCUSSION

The United States moves to dismiss Emma Spink's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that it is entitled to sovereign immunity.  ECF No. 9 at 4–9.  In its motion, the United States argues that Gutierrez was not acting within the scope of her employment with the Navy at the time of the collision, and therefore sovereign immunity is not waived under the FTCA.  Id. at 5–9.  Emma Spink argues that Gutierrez was, in fact, acting within the scope of her employment because she was commuting to report to her duty station at Joint Base Charleston.  ECF No. 10 at 14–21.  The court first reviews the FTCA and controlling South Carolina law then turns to analyze whether the court has subject matter jurisdiction over Emma Spink's claim.

   A.  The FTCA

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."  Kerns, 585 F.3d at 193–94 (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  A plaintiff may recover against the United States only to the extent that the United States has expressly waived sovereign immunity.  See, e.g., Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005) (citation omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990) (holding that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed") (citation and internal quotation marks omitted).

Under the FTCA, Congress has waived the sovereign immunity of the United States, exposing it to tort liability for claims "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment," so long as certain conditions are satisfied. 28 U.S.C. § 1346(b)(1); see Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2008). The United States may be liable under the FTCA only to the extent that a "private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and only "in the same manner and to the same extent as a private individual under like circumstances," id. § 2674. Thus, "the substantive law of each state establishes the cause of action." Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2012).

However, the United States is not liable for *all* torts committed by federal employees. Section 1346(b) "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity." F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994). For a claim to fall within that "certain category" of cognizable claims, it must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Brownback v. King, 592 U.S. 209, 212 (2021); see 28 U.S.C. § 1346(b)(1).

The district court lacks subject matter jurisdiction over a FTCA claim that fails to properly establish each element—each element of a FTCA claim is considered jurisdictional. See Kerns, 585 F.3d at 194 (stating that "if [the federal employee] was

4

acting outside the scope of her employment with the Government, the district court lacks jurisdiction").

### B. Controlling South Carolina Law: Respondeat Superior

The FTCA provides a limited waiver of sovereign immunity for claims that arise from the negligent and wrongful acts of government employees committed within the scope of their employment. 28 U.S.C. § 1346(b)(1). In the case of a military member, the FTCA defines their scope of employment as "acting in the line of duty." Id. § 2671. To determine whether a military member was "acting in the line of duty," the FTCA mandates that courts apply the "law of the place where the act or omission occurred." Id. § 1346(b)(1). Thus, the court applies the South Carolina state law doctrine of respondeat superior to analyze whether the action of military member falls within the "line of duty" under the FTCA. See e.g., Ross v. Bryan, 309 F.3d 830, 834–35 (4th Cir. 2002) (applying Virginia respondeat superior law to determine if a military member was acting in the line of duty under the FTCA).

In South Carolina, "[t]he doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." James v. Kelly Trucking Co., 661 S.E.2d 329, 330 (S.C. 2008) (citing Sams v. Arthur, 133 S.E. 205, 207–08 (S.C. 1926)). "Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship." Id. As interpreted by South Carolina courts, an act is within the scope of employment if it is "reasonably

necessary to accomplish the purpose of h[er] employment" and is done in furtherance of the employer's business. Gathers v. Harris Teeter Supermarket Inc., 317 S.E.2d 748, 753 (S.C. Ct. App. 1984).

Under South Carolina state law, "[t]he general rule is that an employee driving h[er] own vehicle to and from work is on h[er] own business, and not engaged in work for the master." Wade v. Berkeley Cnty., 498 S.E.2d 684, 687 (S.C. Ct. App. 1998); Bolin v. Bostic, 111 S.E.2d 557, 559 (S.C. 1959) (stating that absent special circumstances, "an employee using an automobile in going to and from h[er] place of work is not at such times regarded as engaged in work for h[er] master")). However, South Carolina courts do not limit actions within the scope of employment to an employee's actual performance of her express duties. See Gen. Acc. Ins. Co. v. Safeco Ins. Cos., 443 S.E.2d 813, 819 (S.C. Ct. App. 1994). "It is sufficient if the employee is engaged in a pursuit or undertaking consistent with h[er] contract of hire and which in some logical manner pertains to or is incidental to h[er] employment." Beam v. State Workmen's Comp. Fund, 200 S.E.2d 83, 86 (S.C. 1973) (holding employee's injury in car accident while travelling to meeting at express direction of employer was "within the course of employment and duties"). "If the employee was using [her personal] vehicle in the discharge of h[er] duties with the express or implied consent of the employer, the employer will be liable for damages the employee caused by negligence while acting within the scope of his employment." Wade, 498 S.E.2d at 688 (citing Bolin, 111 S.E.2d at 559).

### C. Analysis

The court finds that Gutierrez was not acting within the line of duty at the time of the collision. The general "to and from work" rule under South Carolina law applies here, rendering Gutierrez's commute in her personal vehicle to Joint Base Charleston an action outside of the scope of her employment with the Navy. See Wade, 498 S.E.2d at 687. Though Gutierrez was permitted to maintain an off-base residence and provided an on-base parking spot by the Navy, she was not performing any Navy duties while driving to report to her duty station. See Bolin, 111 S.E.2d at 559. Gutierrez's Navy orders state neither any required duties regarding her commute nor provide authorization to engage in actions relating her employment. See Beam, 200 S.E.2d at 86; ECF No. 9-1 at 1–6. This case is one in which Gutierrez was "simply traveling to work," not engaged in action within the scope of her employment with the Navy. See Ross, 309 F.3d at 834–35 (affirming a district court determination that a military member's on-base commute to work was not in the line of duty for a FTCA claim).

No recognized "special circumstances" under South Carolina law were present during Gutierrez's commute. See Bolin, 111 S.E.2d at 559. Gutierrez was operating her personal vehicle rather one owned by the Navy. Cf. Lewis v. Trawick, 108 S.E.2d 680, 681 (S.C. 1959) (finding that an employee was acting within the scope of his employment when driving his employer's truck to transport other employees to work). There is no evidence that Gutierrez was performing an implied duty assigned by the Navy or that she had received special orders to report to Joint Base Charleston on the day of the accident. See Wade, 498 S.E.2d at 688.

Finally, this case is distinguishable from those in courts have held that a military member was acting in the line of duty because their travel was ordered, authorized, or facilitated by the military member's superiors. See Wilkinson v. Gray, 523 F. Supp. 372 (E.D. Va. 1981), aff'd, 677 F.2d 998 (4th Cir. 1982) (finding military member involved in a collision was acting within the scope of employment where government directed him travel, providing per diem allowance, lodging, and vehicle). Gutierrez's Navy orders show that she reported to her permeant duty station at Joint Base Charleston in 2020, and therefore she was not subject to the Department of Defense Joint Travel Regulations at the time of the collision. ECF No. 9-1 at 2–4. She was not on duty, compensated for her commute to Joint Base Charleston, or reporting to a new permanent duty station at the time of the collision. Cf. Hallberg v. Hilburn, 434 F.2d 90, 92 (5th Cir. 1970) (finding military member traveling under Army orders for permanent change of duty station and receiving travel compensation was acting within scope of employment at time of a collision); Fowler v. United States, 647 F.3d 1232, 1238 (10th Cir. 2011) (finding military member involved in a collision while operating a vehicle on temporary duty assignment was acting within scope of employment because he remained on duty during authorized break).

Because Gutierrez was not acting within the line of duty at the time of the collision—thus, outside of the scope of her employment with the Navy—Emma Spink cannot establish a necessary element of a claim under the FTCA. See Brownback, 592 U.S. at 212; 28 U.S.C. § 1346(b)(1). Consequently, United States' sovereign immunity is not waived, and therefore the court lacks subject matter jurisdiction over Emma Spink's claim. See Kerns, 585 F.3d at 194–95.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**AND IT IS SO ORDERED.**

                           **DAVID C. NORTON**
                           **UNITED STATES DISTRICT JUDGE**

**September 9, 2025**
**Charleston, South Carolina**